STATE OF MAINE

KENNEBEC, ss.

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. CV-00-152
DHM-KEN-3/29/2002

ROBERT D. JOHNSON,

Plaintiff

v.

CITY OF AUGUSTA,

Defendant

DECISION AND ORDER

DONALD L. GARBRECHT
LAW LIBRARY

APR 8 2002

This matter is before the court after bench trial and view by the court. On or about February 17, 1999, a subcontractor, working on behalf of the City of Augusta repairing damage from the ice storm of 1998, removed an eight inch, 30 foot tall cherry tree in an area adjacent to a common property line between Robert D. Johnson and the Hodgkins School site. This action is brought by the plaintiff for damages occasioned by that tree removal, the plaintiff alleging that the tree was located on his land and that the defendant City of Augusta not only failed to properly determine the location of the boundary line but did not notify him of the intention of removing trees along that line.

While the fact was in issue, the evidence is overwhelmingly clear that the tree actually was on property of the plaintiff a few inches from the property line. Defendant's primary argument is that an examination of the area in question would lead any party, acting in good faith, to believe that the tree was on land of the City of Augusta. The appearance is such that a row of trees, called by some to be a hedgerow, would most likely represent the property line and the tree in question was on the City side of that line.

Inasmuch as that conclusion appears to have little dispute, the primary issue is appropriate damages. The plaintiff alleges that he is entitled to the replacement of an

eight inch, 30 foot tall cherry tree. The evidence by an arborist expert is that it would cost approximately $2,550 to replace such a tree. Such a tree is not available in a nursery but is so common in the wild that the cost would be to retrieve one from its wild location and transplant to plaintiff's location. This would mean $400 to $500 to locate such a tree, $1,000 for the machine to retrieve it, $600 to $800 for labor for two men and $300 to $400 for a buffer fee.

The defendant argues that the court is limited to 14 M.R.S.A. § 7552(3) wherein the owner of agricultural or forest products suffering from destruction may recover either the value of the lost forest products themselves or the diminution in value of the real estate as a whole resulting from the prohibited conduct. The statute also provides that the court may reduce the damages awarded for good cause shown when the cutting of trees is done negligently or without fault.

It is the City's position that the tree was damaged in the ice storm and was in a condition of having the top one-quarter of its height broken off and leaning over a walkway used by school children to access the athletic field. They considered it a danger and subject to removal regardless of ownership. They also argue that the tree was worthless because of its damaged condition. Plaintiff disagrees with the status of condition as asserted by the defendant. While he does not deny that it was damaged, it is his position that it was "not as bad as the City's witnesses say it was." An examination of a photograph of the tree stump taken some few days after the cutting was described by an arborist witness as consistent with a healthy tree.

The court concludes that the tree was damaged but living and to the extent its upper reaches were over the property line, represented legitimate concern on the part of City officials. Their purpose in removing the tree was clearly a matter of good faith.

2

On the other hand, as much as it might appear that the properly line was a line of trees, a municipal agency should not be so callous as to make such an assumption without, at least, some communication with the property owner. Had they done so in this case, they would have been constrained to remove that portion of the tree representing a danger and leave the remaining portion.

Clearly the tree was damaged and to suggest that defendant should be liable for replacement of a healthy tree of equal size at the cost indicated would not be either just or consistent with the law. The plaintiff complains that removal of the entire tree affected the screening effect of the trees along the hedgerow providing a buffer between his residence and the school property and insulating him from noise. That is clearly the case and there is a diminution in value of his property.

Under all the circumstances, keeping in mind both the reasonable value of the diminution of the real estate as well as a consideration that the cutting was done negligently rather than intentionally and without pecuniary benefit to the defendant, the court believes damages of $1,000 is appropriate.

For all the reasons stated above, the entry will be:

Judgment for plaintiff in the amount of $1,000.

Dated: March 29, 2002

Donald H. Marden
Justice, Superior Court

3

Date Filed __8/7/00__ ____Kennebec____ Docket No. __CV00-152__
County

Action ____Non-Personal Injury____

**J. MARDEN**
**Continued**
**In Mejis**

Robert D. Johnson                    vs.     City of Augusta

| Plaintiff's Attorney | Defendant's Attorney |
|---|---|
| XXXXXXXXXXXXXXXXXXXXXXX 22 CARLISLE AVE XXXXXXXXXXXXXXXXXX AUGUSTA MAINE XXXXXXXXXXXXXXXXXXXX 04330 | Stephen E.F. Langsdorf, Esq. 45 Memorial Circle P.O. Box 1058 Augusta, Maine 04332-1058 Michael E. Saucier, Esq. Three Canal Plaza P.O. Box 4630 Portland, Maine 04112 |

| Date of Entry | |
|---|---|
| 8/8/00 | Complaint, filed. s/Willard, Esq.   (filed 8/7/00) Case File Notice mailed to atty. Original Summons with return service made upon City of Augusta, filed. Notice and Acknowledgment of Receipt of Summons and Complaint, filed. s/Willard, Esq. Acknowledgment of Receipt of Summons and Complaint, filed. s/Langsdorf, Esq. |
| 8/9/00 | Answer and Affirmative Defenses of Defendant City of Augusta, filed. s/ Langsdorf, Esq. |
| 8/10/00 | SCHEDULING ORDER, Marden, J. "Scheduling Order filed.  Discovery deadline is April 10, 2001." Copies mailed to attys of record. |
| 11/8/00 | Notification of Discovery Service, filed. s/Wm. Willard, Esq. Plaintiff's Designation of Expert Witness served on Stephen Langsdorf, Esq. on 11/7/00. |
| 4/17/01 | List of Witnesses and Exhibits, filed. s/Willard, Esq. (filed 4/17/01) Statement of counsel. Estimated time for trial is 1-1½ days, filed. s/Willard, Esq. |
| 6/12/01 | Motion to Amend Complaint, filed. s/Hodgins, Esq. Amended Complaint, filed. s/Hodgins, Esq. (attached exhibit "A") |
| 6/27/01 | Appearance of Michael E. Saucier, Esq., filed. s/Saucier, Esq. |
| 7/13/01 | Defendant's Witness and Exhibit List, filed. s/Langsdorf, Esq. |